IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AERIAL T., | : | |
|     **Plaintiff,** | : | Civil Action 2:23-cv-04188 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
|     **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before this Court on the Magistrate Judge's June 6, 2024, Report and Recommendation ("R&R") (ECF No. 14), which recommended that Plaintiff's Statement of Specific Errors (ECF No. 11) be overruled and that the Commissioner's decision denying Plaintiff benefits be affirmed. Plaintiff filed an Objection (ECF No. 15) to the R&R pursuant to Fed. R. Civ. P. 72(b). Upon a *de novo* review by this Court and for the reasons set forth below, Plaintiff's Objection is hereby **OVERRULED**, and this Court **ADOPTS** the R&R.

I.    **BACKGROUND**

Plaintiff protectively filed his application for Supplemental Security Income ("SSI") on July 21, 2021, alleging disability since October 1, 1994. (ECF No. 8 at 402). Plaintiff's application was denied initially and also upon reconsideration, after which he requested a hearing before an Administrative Law Judge ("ALJ"). (ECF No. 11 at 2). A hearing was held before the ALJ on September 20, 2022, after which the ALJ issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (ECF No. 8 at 402).

The ALJ undertook the five-step analysis required by the Social Security Regulations. *See* 20 C.F.R. § 404.1520. At step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 21, 2021, the application date. (ECF No. 8 at 404). At step 2, the ALJ found Plaintiff had the following severe impairments: depressive disorder; anxiety disorder; history of borderline intellectual functioning; and lumbago with sciatica. (*Id.*). In the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled those listed and described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 405). For the fourth step, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work subject to the following limitations:

> [T]he claimant can occasionally climb ladders, ropes or scaffolds. He is limited to performing simple, routine, repetitive tasks but not at a production rate pace, such as one has with assembly line work. He can further tolerate occasional interactions with supervisors, coworkers, and the public. These interactions would be superficial, meaning interactions would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision. The claimant can tolerate occasional changes in duties and the work setting as well.

(*Id.* at 407). Finally, the ALJ considering these limitations and Plaintiff's age, education, and work experience, determined that jobs exist in significant numbers in the national economy that Plaintiff could perform such as cleaner, garment sorter, and warehouse checker. (*Id.* at 412). The ALJ noted that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms, [were] not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 8 at 410). Based on these findings, the ALJ issued an adverse written decision that found that Plaintiff has not been under a disability from the date the application was filed. (*Id.* at 412).

Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. (ECF No. 8 at 1). Plaintiff filed his Statement of Errors on April 19, 2024, seeking either a reversal of the Commissioner's unfavorable decision or a remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration. (ECF No. 11 at 1).

Plaintiff's Statement of Errors sought reversal on the ground that the ALJ not only failed to include the state agency psychologists' suggested limitation of a structured and predictable work environment, but the ALJ also failed to explain why he chose not to adopt this limitation despite finding the state agency psychologists opinions to be persuasive. (ECF No. 11 at 7).

Defendant filed a Memorandum in Opposition (ECF No. 12) to Plaintiff's Statement of Specific Errors (ECF No. 11). Defendant argued that, given the totality of the evidence, the ALJ reasonably accommodated the state agency psychologists' structured and predictable work setting limitation, as the RFC included a limitation to simple, routine, repetitive tasks not at production rate and with only occasional changes in duties and work setting. (ECF No. 12 at 3-6).

In Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 13), Plaintiff claimed that the Defendant's argument was "nothing more than *post hac* rationalization" because the ALJ did not explain why he did not include the structured and predictable limitation in the RFC. (*Id.* at 2-4). Plaintiff requested that the ALJ's decision be reversed and benefits awarded, or remanded for further proceedings. (*Id.* at 1).

On June 6, 2024, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Specific Errors and affirm the decision of the Commissioner of Social Security, finding that "the ALJ properly accounted for the

3

state psychologists' opinions, his reasoning is easily traced, and his ultimate RFC finding was supported by substantial evidence." (ECF No. 14 at 11).

Plaintiff timely filed an objection to the R&R. (ECF No. 15). Plaintiff's objection asserts again that the ALJ's failure to incorporate the structured and predictable limitation, or the ALJ's failure to explain why it was omitted, is grounds for reversal or remand. (*Id.* at 2). Defendant responded, resting on his prior brief and urging the court to adopt the R&R. (ECF No. 16).

## II.     STANDARD OF REVIEW

Upon receiving an objection to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those positions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Courts may accept, reject, or modify any of the magistrate judge's findings or recommendations. (*See Id.*). This Court's review, however, is "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence has been defined as "evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The threshold for substantial evidence is "not high" and is met so long as there is "more than a mere scintilla" of support. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

As such, when there is substantial evidence to support the ALJ's decision, this Court must defer to it, even if there is substantial evidence that would have supported making the opposite

conclusion. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Even if the substantial evidence standard is met, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits," *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)), because "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record," *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)). It is important to note, however, that the explanation given by the ALJ need not give an expansive step-by-step explanation and will be upheld even if it is of "less than ideal clarity." *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021).

### III. LAW & ANALYSIS

In his objection, Plaintiff argues that the ALJ erred because he found the state psychologists' opinions to be persuasive, but did not adopt their opinion finding a limitation of a structured and predictable work environment, and failed to explain why he did not include this limitation in the RFC. (ECF No. 15 at 2). This Court agrees with the Magistrate Judge in finding that this argument fails. The ALJ did incorporate the limitation, providing for a restriction to "simple, routine, repetitive tasks … not at a production rate pace … occasional changes in duties and the work setting." (ECF No. 8 at 407). While it is true that the ALJ did not use the exact language as that of the state psychologists, the ALJ was under no obligation to do so. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician

5

verbatim in his residual functional capacity finding."); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). "The ALJ is not required to describe the claimant's limitations using the exact language of those medical sources as long as substantial evidence demonstrates that the ALJ adequately portrayed the claimant's limitations in the RFC." *Harris v. Comm'r of Soc. Sec.*, No. 2:17-CV-131, 2017 WL 5507618, at *2 (S.D. Ohio Nov. 17, 2017).

An ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence" of record. 20 C.F.R. § 416.945(a)(3). If the ALJ's RFC determination is supported by substantial evidence in the record and is not inconsistent with the medical opinions, it should be upheld. *See Reeves v. Comm'r of Soc. Sec.,* 618 F. App'x 267, 275 (6th Cir. 2015).

The ALJ's RFC determination is supported by substantial evidence and is not inconsistent with the medical opinions of the state psychologists. By limiting the Plaintiff to "simple, routine, repetitive tasks but not at a production rate pace" with only "occasional changes in duties and the work setting" the ALJ fully accounted for the opinions which he gave weight. (ECF No. 8 at 407). Other courts have found similar language acceptable. In *Harris v. Commissioner of Social Security*, an ALJ properly accounted for the medical opinion that a plaintiff "could do simple work in a predictable work environment where changes are infrequent" in an RFC that included limitations to "simple routine and repetitive tasks in a work environment free of fast paced production requirements involving only simple work with few, if any workplace changes . . . ." No. 2:17-CV-131, 2017 WL 5507618, at *1, 3 (S.D. Ohio Nov. 17, 2017); and in *Borger v. Commissioner of Social Security*, the court found a limitation for a "routine, stable, and predictable

6

work setting that doesn't undergo frequent changes" was sufficiently accounted for in an RFC that included limitations to "simple, routine and repetitive tasks but not at a production rate pace" and "no more than occasional changes in the workplace tasks and setting [which] should be well explained in advance." No. 3:20-CV-01930- JGC, 2021 WL 6297536, at *10 (N.D. Ohio Dec. 17, 2021), *report and recommendation adopted*, No. 3:20-CV-01930-JGC, 2022 WL 60212 (N.D. Ohio Jan. 6, 2022). *See Bond v. Comm'r of Soc. Sec.*, No. 1:15-cv-204, 2016 WL 7799316, at *7 (E.D. Tenn. June 14, 2016) (finding that a limitation to simple, routine, and repetitive tasks accommodated a doctor's opinion that Plaintiff could maintain attention for simple, structured tasks for two-hour segments).

It is true that where "the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, [the ALJ] must incorporate the opined limitations or provide an explanation for declining to do so." *Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted*, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019). As this Court discusses above, and as the Magistrate correctly described, the ALJ did "incorporate the opined limitations" and thus did not need to "provide an explanation for declining to do so." (*Id.*). This Court also agrees with the Magistrate's determination that the RFC is supported by substantial evidence. (ECF No. 14 at 10-11). When a Court's review of the record "shows that the ALJ's decision is supported by substantial evidence … we need not address [Plaintiff's] allegations that the [Magistrate] impermissibly used post-hac rationalizations to uphold the ALJ's decision." *See Poe v. Comm'r,* 342 F.App'x at 159.

This Court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgement for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir.

2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). Here, where the Commissioner has applied the correct legal standard and has made findings of fact supported by substantial evidence in the record, there is no reason to believe a remand would lead to a different result. *See Longsworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 15) to the Magistrate Judge's R&R (ECF No. 14) is **OVERRULED**. Accordingly, this Court **ADOPTS** the Magistrate Judge's R&R and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT JUDGE**

**DATED:  March 13, 2025**